Javier MENDOZA–VALENCIA;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73157.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided May 3, 2006.

Javier Mendoza–Valencia, Riverside, CA, pro se.

Silvia Mendoza, Riverside, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Javier Mendoza–Valencia and Silvia Mendoza, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decisions affirming without opinion an immigration judge's denial of their applications for cancellation of removal.

We lack jurisdiction to review the immigration judge's discretionary determination that petitioners failed to establish the requisite exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

Petitioners' equal protection challenge to the nationality-based distinctions in the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), which permits aliens from certain countries to apply for special rule cancellation of removal in accordance with the more lenient terms of pre-IIRIRA[1] suspension-of-deportation law, lacks merit. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 603 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from certain war-ravaged countries).

Petitioners' contentions regarding the summary nature of the Board's decision, which was issued pursuant to 8 C.F.R. § 1003.1(e)(4), are unavailing. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003) (holding that the Board's streamlining procedure comports with due process).

Petitioners' contention that the case must be remanded under *Lanza v. Ashcroft,* 389 F.3d 917 (9th Cir.2004), for clari-

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Illegal Immigration Reform and Immigration Responsibility Act, Pub.L. 104–208, Div. C., Title III, 110 Stat. 3009 (Sept. 30, 1996).

fication of the basis of the Board's decision lacks merit because the sole ground upon which the immigration judge denied cancellation was its unreviewable discretionary determination that petitioners failed to establish exceptional or extremely unusual hardship to their United States citizen children.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**